cedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

**Ming Qing DONG, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

**No. 04–3046–AG.**

United States Court of Appeals, Second Circuit.

Jan. 30, 2006.

Theodore N. Cox, New York, New York, for Petitioner.

Gregory G. Lockhart, United States Attorney for the Southern District of Ohio (Robert A. Knief, Assistant United States Attorney), Dayton, Ohio, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. DENNIS JACOBS, and Hon. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision.

Ming Qing Dong petitions for review of the BIA's decision affirming an immigration judge's ("IJ's") final order of removal. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

As an initial matter, because Dong did not argue her CAT claim to the BIA, this Court does not have jurisdiction to review

that claim. *See Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005).

Where, as here, the BIA summarily affirms the IJ, the Court reviews the IJ's decision as the final agency determination. *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *Secaida–Rosales*, 331 F.3d at 306–07.

Dong admitted that she lied at her airport interview when she told an immigration officer that she was fleeing a forced marriage rather than revealing to the officer her true claim that she was fleeing enforcement of China's family planning policies. Dong explained that her smuggler instructed her to fabricate a threat of forced marriage because her lack of an abortion certificate would cause an immigration officer to doubt her claim of forced abortion. In light of Dong's young age, the IJ afforded reasonable weight to this inconsistency because she did not find Dong incredible on this basis, but rather found that Dong could not meet her burden of proof by testimony alone. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 179–80 (2d Cir.2004) (noting the "limitations" on the weight of evidence obtained at airport interviews and setting forth factors to consider in accessing the reliability of such evidence).

The IJ subsequently found that Dong's failure to corroborate her claim with medical documents or statements from her boyfriend or family members who had knowledge of her forced abortion undermined her credibility. This Court has noted the fundamental unfairness in penalizing applicants for failure to present corroborating documentation without first providing them with the opportunity to remedy that

absence. *Poradisova v. Gonzales*, 420 F.3d 70, 79 n. 3 (2d Cir.2005). The IJ should have given Dong the opportunity to provide the requested documents before concluding that their absence undermined her credibility.

The IJ's analysis also failed to take account of the fact that Dong's testimony was not only consistent with her application, but also quite detailed, particularly in regard to the abortion procedure she claimed to have undergone. It is, therefore, not clear that the IJ would have reached the same conclusion had it not been for the absence of the corroborating documents. *See Cao He Lin v. United States Dep't of Justice*, 428 F.3d 391, 395 (2d Cir.2005).

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).